IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 73,787






MICHAEL WAYNE HALL, Appellant



v.



THE STATE OF TEXAS






ON APPELLANT'S MOTION


 FOR REHEARING




 


Holcomb, J., filed a dissenting opinion.




OPINION




 This case is in an unusual procedural posture and was at one time both on direct appeal (on remand
from the United States Supreme Court) and under consideration for appellant's state claim for habeas
corpus relief. We chose to apply the record from the habeas hearing to the issue of mental retardation
raised on direct appeal. We even suggested that the evidence in the habeas court, which was presented
by affidavit and not by live testimony, was almost unsuitable for a proper review of the issue. This dissent,
however, is not about whether I believe appellant is mentally retarded; I have no reason to believe that the
habeas court was incorrect in its assessment of the evidence before it. I simply believe that we must apply
the law as I see it.

 In the past, I thought Ring v. Arizona, 536 U.S. 584 (2002), required a jury determination, even
on habeas, of a claim of mental retardation brought under Atkins v. Virginia, 536 U.S. 304 (2002). The
case of Schriro v. Summerlin, ___U.S.___, No. 03-526 (2004), though, held otherwise for cases on
habeas review. However, that same holding means that an Atkins claim, if still on direct appeal, is required
to be considered and applied "prospectively." We have held that an Atkins claim is equivalent to an
affirmative defense. If we believe that, then we must believe that a jury must consider the fact issue
presented by this equivalent of an affirmative defense.

 Ring, Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, ___U.S.___,
No. 02-1632 (2004), all stand for the proposition that a factor that increases a sentence must be found by
a jury beyond a reasonable doubt. With Atkins we are talking about the equivalent of an affirmative
defense rather than simply an increase in the sentence. A successful Atkins claim can decrease a death
sentence to the only alternative, a life sentence. I believe it logically correct to say that, if the claim which
would entitle a defendant to a life sentence is not considered by a jury and the decision is made by the trial
court, the trial court's decision is equivalent to an increase in the sentence from life to death. Therefore,
a jury must address the issue of mental retardation in this case.

 Because this case is still on direct appeal and the issue of mental retardation must be addressed by
a jury, this Court should remand the case for a jury determination of whether appellant's mental ability is
"so impaired as to fall within the range of mentally retarded offenders about whom there is a national
consensus" against their execution. Atkins v. Virginia, 536 U.S. at 317. Since the majority does not so
hold, I respectfully dissent.


FILED SEPTEMBER 15, 2004

PUBLISH